SEALED

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 09 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 2:12CR21 |
| | : | |
| TABATHA DRAKE | : | Violations: 21 U.S.C. §§ 841 & 846 |
| JOSH HOLMES | : | |
| JACOB ELIJAH SPIVEY | : | |
| MICKEY GUY FIELDS | : | |
| DON LEE WHITEFEATHER | : | |
| JESSICA LIGHT | : | |
| WILLIE PUCKETT | : | |
| CONNIE PUCKETT | : | |
| THOMAS JAY LANEY | : | |
| a/k/a "T.J." | : | |
| LOVELLA SWEENEY | : | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about and between July 9, 2007, and July 9, 2012, in the Western District of Virginia and elsewhere, TABATHA DRAKE, JOSH HOLMES, JACOB ELIJAH SPIVEY, MICKEY GUY FIELDS, DON LEE WHITEFEATHER, JESSICA LIGHT, WILLIE PUCKETT, CONNIE PUCKETT, THOMAS LANEY a/k/a "T.J.", LOVELLA SWEENEY and others, known and unknown to the grand jury, conspired to possess with the intent to distribute and distribute 500 grams or more of mixture or substance containing cocaine, OxyContin (oxycodone) or its equivalents, Percocet (oxycodone), Roxicet (oxycodone) or their equivalents, all Schedule II controlled substances; Lortab (hydrocodone) or its equivalents, a Schedule III controlled substance; and Xanax (alprazolam) or its equivalents, and Klonopin (clonazepam) or

its equivalents, Schedule IV controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), 841(b)(1)(C), 841(b)(1)(E) and 841(b)(2).

## COUNT TWO

The Grand Jury charges that:

1. On or about April 15, 2009, in the Western District of Virginia and elsewhere, JESSICA LIGHT knowingly and intentionally distributed Klonopin (clonazepam), a Schedule IV controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(2).

## COUNT THREE

The Grand Jury charges that:

1. On or about May 12, 2010, in the Western District of Virginia and elsewhere, TABATHA DRAKE knowingly and intentionally distributed oxycodone, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

The Grand Jury charges that:

1. On or about May 14, 2010, in the Western District of Virginia and elsewhere, TABATHA DRAKE knowingly and intentionally distributed oxycodone, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE

The Grand Jury charges that:

1. On or about May 19, 2010, in the Western District of Virginia and elsewhere, TABATHA DRAKE knowingly and intentionally distributed Oxycontin (oxycodone), a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

The Grand Jury charges that:

1. On or about April 21, 2011, in the Western District of Virginia and elsewhere, JACOB SPIVEY knowingly and intentionally distributed Suboxone (buprenorphine), a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a), within 1,000 feet of the real property comprising Gate City Middle School, a public secondary school.

2. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E), and 860.

## COUNT SEVEN

The Grand Jury charges that:

1. On or about April 29, 2011, in the Western District of Virginia and elsewhere, JACOB SPIVEY knowingly and intentionally distributed oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a), within 1,000 feet of the real property comprising Gate City Middle School, a public secondary school, and on the real property of Gate City High School, a public secondary school.

2. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860.

## COUNT EIGHT

The Grand Jury charges that:

1. On or about April 14, 2011, in the Western District of Virginia and elsewhere, MICKEY FIELDS knowingly and intentionally distributed oxycodone, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINE

The Grand Jury charges that:

1. On or about May 6, 2011, in the Western District of Virginia and elsewhere, MICKEY FIELDS knowingly and intentionally distributed oxycodone, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN

The Grand Jury charges that:

1. On or about March 24, 2011, in the Western District of Virginia and elsewhere, DON LEE WHITEFEATHER knowingly and intentionally distributed oxycodone, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ELEVEN

The Grand Jury charges that:

1. On or about April 13, 2011, in the Western District of Virginia and elsewhere, DON LEE WHITEFEATHER knowingly and intentionally distributed oxycodone, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in Counts One through through Eleven of this Indictment, the defendants shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1);

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2);

   c. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c);

   d. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and

   e. any firearms involved in the commission of said offenses, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this ____9____ day of July, 2012.

_____
Grand Jury Foreperson

_____
TIMOTHY J. HEAPHY
United States Attorney

by