# U.S. PROBATION OFFICE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

## PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Tabatha Drake        **Docket Number:** 2:16-CR-15-001

**Name of Sentencing Judicial Officer:**     The Honorable James P. Jones
United States District Judge

**Name of Presiding Judicial Officer:**     The Honorable J. Ronnie Greer
United States District Judge

**Date of Original Sentence:** April 25, 2013

**Original Offense:** Conspiring to Possess With Intent to Distribute Oxycodone

**Class:** C Felony        **Criminal History Category:** II

**Original Sentence:** 33 months imprisonment, followed by three (3) years supervised release

**Type of Supervision:** Supervised Release

**Transfer of Jurisdiction from the Western District of Virginia to the Eastern District of Tennessee:** March 1, 2016

**Modification of the Conditions or Term of Supervision August 10, 2016:** The defendant shall serve eight (8) consecutive days in jail, as designated by the Bureau of Prisons. (Served February 2-9, 2017)

**Revocation of Supervision August 7, 2017:** Seven (7) months imprisonment, followed by two (2) years of supervised release.

**Date Supervision Commenced:** January 2, 2018

**Date Supervision Expires:** January 1, 2020

**Assistant U.S. Attorney:** David L. Gunn

**Defense Attorney:** Nikki Pierce

**Revocation Guideline Range:** 4 to 10 months        **Statutory Maximum:** 16 months, 22 days

******************************************

# PETITIONING THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **General Condition:** The defendant shall not commit another federal, state or local crime. |
| 2 | **General Condition:** The defendant shall not unlawfully posses a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. |
| 3 | **Standard Condition No. 3:** The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer. |
| 4 | **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. |
| 5 | **Standard Condition No. 8:** The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered. |
| 6 | **Standard Condition No. 9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer. |
| 7 | **Standard Condition No. 11:** The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |
| 8 | **Special Condition No. 5:** Must participate in a program of mental health treatment as approved by the probation officer, until such time as the defendant has satisfied all requirements of the program. |

On April 2, 2019, this offender failed to report for a surprise drug screen through the Code-a-Phone system. As the offender was also being tested with the Hay House, this officer excused this test and instructed her that she could miss no more. On May 9, 2019, she again failed to report for a surprise drug screen.

On May 13, 2019, this offender was instructed to report to the United States Probation Office for a non-compliance meeting. The offender was asked to submit to a drug screen. She was unable to produce a sample over a 2 hour period. She eventually admitted to using "Acid" sometime in December 2018; Methamphetamine, Klonopin, and THC within the last 2-3 weeks. She also admitted to this officer that she had used marijuana and methamphetamine monthly since December. However, she refused to sign an admission form as to this statement. The offender also disclosed that she found the Klonopin at her mothers home while going through her belongings after her recent death.

During this meeting the offender began to speak in irrational terms. She was concerned that someone had been hanging out around her home at unwanted times in the middle of the night. At first, this officer believed her fears to be realistic, however the more she talked, the more irrational she became. A few of the things she believed to be true are as follows: Whenever she is in another room of her home and her kids are in another room, her ex husband and ex mother in law begin talking to her children through the walls and/or floor. She truly believes they are outside of her trailer talking to her kids, but only when she leaves the room. She also believes that they are hiding out under her trailer. The offender also stated that three males walk around her car several times daily making weird noises. She claims that someone stole "a few of her spark plugs" out of her car. The offender also stated that someone is following her whenever she is driving. She reports they take pictures of her and blow their horn at her, but only honk twice. She specifically mentioned an incident at Sonic in Johnson City in which a Blue F150 blocked her in and began snapping photos of her. The offender is so paranoid in her own home, that she has began staying in hotels about one week ago. She is currently residing at the Carnegie in Johnson City, Tennessee. She failed to report that she had moved to this officer.

During this meeting at the office, the offender brought along with her, Jennifer Barbe. Ms. Barbe is the offenders recent ex-stepmother. Ms. Barbe was her stepmother for nearly 21 years. Ms. Barbe lives in San Antonio, Texas, and was in town to retrieve the offenders 3 juvenile daughters. She and the offender's father became concerned about the offender and came to get the children. The offender signed over temporary guardianship of the children to Ms. Barbe. This officer briefly spoke with Ms. Barbe who was also very concerned for the offender's mental health status.

Due to the unsteady nature of the offenders mental health, this officer instructed her to report to Crisis Stabilization Unit (CSU) in Johnson City for a mental health evaluation. She was to follow all recommendations of that agency. The offender stated that she had a dog at home and would like an opportunity to have someone take care of him while she is away. In that case, this officer gave her until 5:00 pm of May 14, 2019, to report to CSU. The offender argued with this officer for approximately 20-30 minutes that she did not need an evaluation or any drug treatment, but only wanted to go to Texas to be with her children. This officer strongly directed that she follow the instructions given.

On May 14, 2019, this officer contacted the offender at approximately 12:45 PM to check on her well being and make sure she was still prepared to report to CSU. The offender immediately became verbally combative toward this officer stating that this officer was just trying to ruin her life and that no one will help her. She stated that she just woke up in her hotel room and someone was standing in the room. She was crying hysterically and very much out of control. This officer then instructed the offender to report to CSU immediately and to contact this officer upon her arrival. She was angry, cursed this officer, and hung up the phone.

This officer contacted the Carnegie Hotel by phone and spoke with the Revenue of Rooms Director, Joel Dahlhauser. This officer asked Mr. Dahlhauser if there had been any unusual female guests in his hotel during the last few nights. He immediately knew who I was speaking of, and reported that Ms. Drake checked in sometime during Mother's Day weekend. He reports that during her first night stay, she came to the desk stating that someone was in her room. She demanded camera footage to know who the person was. Mr. Dahlhauser also reported that very early on May 14, 2019, at approximately 2:30 AM, this offender came to the front desk in a frantic manner stating again that someone keeps coming to her room and the hotel needs to do something about it. Eventually the Johnson City Police Department was called. They met with the offender for about 20 minutes and left without incident. Mr. Dahlhauser was very confident that this offender was having some sort of emotional and mental health breakdown. At approximately 2:10 PM, Mr. Dahlhauser called this officer and reported that Ms. Drake had left the hotel with her belongings.

As of 4:00 PM, on May 14, 2019, the offender has failed to report to CSU as instructed.

| | |
|---|---|
| 10 | **Standard Condition No. 5:** The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons. |

This offender was employed by Motel 6 and Arby's shortly after her release from the Bureau of Prisons in May 2018. She quit the job at Motel 6 sometime in August 2018 and began working full time with Arby's. She eventually transferred to an Arby's closer to her home. She had secured that home from working and saving money. In January 2019, the offender reported she was fired from Arby's for tardiness and calling in late/absent too many times. She blames these events on having to get her daughter on or off the school bus. In February 2019, she began working for Schooly Homes. They take old school buses and make them into livable units. She was fired from this job in March 2019 for not being able to keep up with the work. She has been unemployed since this time and coincidentally on a down hill slope of overall progression.

**Assessment of Flight/Danger and Bond Recommendation:** Based on the offender's conduct while on supervision, including a documented history of drug abuse, failure to attend treatment, and failure to maintain employment, Ms. Drake appears to be a danger to herself and the community. There appears to be no condition nor set of conditions that may mitigate this risk. Based upon her failure to report to the CSU as instructed, this officer believes Ms. Drake to be a risk of flight. This officer respectfully recommends she be detained pending a revocation hearing.

**Petitioning the Court to order:**

That a Warrant be issued and the defendant be ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2019.

Respectfully submitted,

2019.05.14
16:53:41 -04'00'

Michael Ashley Newland
United States Probation Officer

APPROVED:

2019.05.14 16:50:01 -04'00'

Paul R. Harris                    Date
Supervising United States Probation Officer

MAN: mfw

PROB12C(REVOKE) - 12/2006

**ORDER OF COURT:**

A Warrant is to be issued and the defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked. This petition is to be placed under seal until the defendant is arrested or appears in Court.

So ordered.

**ENTER.**

_____
 **The Honorable J. Ronnie Greer**
  **United States District Judge**